UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOMINIC PIERRE ALEXANDER 1st EL,

    Plaintiff,

v.                                                      Case No. 8:24-cv-01405-KKM-AEP

CHARLES R. WELLS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court upon Plaintiff Dominic Pierre Alexander's Motion to Proceed In Forma Pauperis (Doc. 2). Plaintiff, proceeding *pro se*, initiated this action against Defendant Charles R. Wells. For the foregoing reasons, it is recommended that Plaintiff's motion be denied and his case dismissed with prejudice.

**I.   Background**

On June 10, 2024, Plaintiff filed his complaint asserting claims arising under 18 U.S.C. § 241 and 18 U.S.C. § 242 against Defendant (Doc. 1). Notably, Plaintiff's complaint contains no statement of his claim or the events giving rise to his stated causes of action. According to Plaintiff's Affidavit of Claim attached to the complaint, Plaintiff alleges Defendant is at "fault for violations pertaining to Manatee County court case number: 2022-003247" and demands $500,000,000 for the alleged unlawful violations (Doc. 1-2, p. 8).

## II.  Legal Standard

The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court to pay a filing fee. 28 U.S.C. § 1914(a). However, a court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). District courts maintain broad discretion in determining whether to grant or deny an application to proceed *in forma pauperis*. *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam).

An action is frivolous where the allegations lack an arguable basis either in law or fact. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). Accordingly, where the court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are without merit, the court may dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citations omitted).

Further, to state a claim, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction; a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). Failure to state a claim is governed by the same standard as

dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted); *see also Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Moreover, federal courts are courts of limited jurisdiction and, thus, have an obligation to inquire into their subject matter jurisdiction sua sponte whenever it may be lacking. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001); *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Specifically, federal district courts will have original jurisdiction over cases in which the amount in controversy exceeds $75,000, and the case is between citizens of different states or citizens of the United States and citizens of a foreign state. 28 U.S.C. § 1332.

In reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally.[1] *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

## III. Discussion

Plaintiff's motion must be denied because his financial affidavit is incomplete, and his complaint fails to state a claim upon which relief can be granted.

First, Plaintiff did not complete his financial affidavit properly. When a court determines *in forma pauperis* eligibility, "courts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *B9 Adley Owner LLC v. Hargrove*, No. 8:22-CV-2533-KKM-SPF, 2022 WL 17564882, at *1 (M.D. Fla. 2022) (citation omitted). Plaintiff did not answer questions regarding income, assets, or financial obligations, and instead responds "N/A," or claims he has a Fourth Amendment right to deny the Court an answer (Doc. 2). For the Court to properly find a plaintiff to be indigent, the plaintiff must supply the Court with information that proves indigency. Plaintiff cannot proceed with his claim unless he provides the Court with complete financial information.

---

[1] Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* in this District must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

Additionally, Plaintiff's complaint is a partially complete form, and therefore does not comply with the Federal Rules of Civil Procedure (*See* Doc. 1). Notably, Plaintiff's complaint does not contain a statement of the grounds for the Court's jurisdiction, nor does his complaint contain a short and plain statement of his entitlement to relief (Doc. 1). Instead of a short and plain statement of the claim, Plaintiff attaches an "Affidavit for Statement of Claim" as an exhibit (Doc. 1-2). The Affidavit merely contains a reiteration of the demand for $500,000,000 for "rights violations" along with documentation that Plaintiff filed a lien against Defendant with the Florida Secured Transactions Registry (Doc. 1-2). Further, Plaintiff alleges Defendant violated 18 U.S.C. § 241 and 18 U.S.C. § 242 in connection with "Manatee County court case number: 2022-003247" (Doc. 1-2, p. 8). A plaintiff cannot bring a claim under 18 U.S.C. § 241 or 18 U.S.C. § 242 because they are criminal statutes that do not give rise to an individual cause of action. If Plaintiff wishes to move forward, he must file a claim upon which relief can be granted.

Finally, Plaintiff has attempted to file similar *in forma pauperis* arguments that this Court has rejected. Recently, United States District Judge Thomas Barber ordered that all future filings by Plaintiff be screened for frivolity prior to being accepted by the Clerk of Court. *See Alexander v. Gallen*, 8:24-cv-1592-TPB-UAM (Doc. 3, Order dated July 15, 2024). The Court noted that "[t]he arguments and legal theories espoused by sovereign citizens have been consistently rejected as 'utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is

5

being paid by hard-earned tax dollars.'" *Alexander v. Marceno*, No. 8:24-cv-1406-TPB-SPF, 2024 U.S. Dist. LEXIS 105419, at *1 (M.D. Fla. June 13, 2024) (citing *Young v. PNC Bank, N.A.*, No. 3:16-cv-298-RV-EMT, 2018 WL 1251920, at *2 (N.D. Fla. Mar. 12, 2018)).

Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2) be DENIED.

2. Plaintiff's Complaint (Doc. 1) be DISMISSED WITH PREJUDICE.

3. The Clerk be directed to close the case.

IT IS SO REPORTED in Tampa, Florida, this 6th day of November 2024.

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**


cc:  Hon. Kathryn Kimball Mizelle
     Plaintiff, *pro se*